# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**LEONARDO RAMOS,**

      **Plaintiff,**

**v.**                                          **Case No. 8:09-CV-325-T-27EAJ**

**ROSA LOPEZ,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's amended **Application to Proceed Without Payment of Fees and Affidavit** (Dkt. 17) which this court construes as a motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]

1.    Legal Standard

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. A trial court has wide discretion in determining whether to grant or deny a motion filed pursuant to § 1915. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004) (citations omitted). When presented with a motion to proceed in forma pauperis, the court should first consider only "whether the statements in the affidavit satisfy the requirement of poverty," and the court should accept the statements in the affidavit as true absent a serious misrepresentation. Id. at 1307 (citations

_____

[1] The District Judge referred Plaintiff's motion to the undersigned. See Local Rules 6.01(b) and 6.01(c), M.D. Fla. The court denied Plaintiff's first application to proceed in forma pauperis because it was unsigned (see Dkt. 16).

omitted). A litigant need not be "absolutely destitute" to qualify as indigent for purposes of § 1915. Id.

Section 1915 also permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez, 364 F.3d at 1307. Rule 12(b)(6) of the Federal Rules of Civil Procedure governs the dismissal of complaints under § 1915(e)(2)(B)(ii) for failure to state a claim. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). In addition to construing the complaint in the light most favorable to the plaintiff, the court should construe the complaint more liberally in a pro se action. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (citation omitted).

2.     Analysis

Plaintiff is not indigent for purposes of § 1915. Plaintiff owns a home and two cars. Although he is unemployed, he attests to receiving $600 in rent payments every month on a separate piece of real estate he owns in Puerto Rico and $313 in unemployment benefits each week, for an approximate monthly income of $1800. He lists $505 in monthly mortgage payments and states that he contributes $400 per month to the support of his wife, step child, and god child. He lists no other monthly debts and does not indicate whether his spouse is employed or receives monthly income.[2] Additionally, Plaintiff has $300 in savings and another $600 in stocks. Thus, Plaintiff has not shown the requisite financial inability to pay.

As the court determines that Plaintiff does not meet the eligibility requirements to proceed

---

[2] Plaintiff submitted Form AO 240 in support of his motion to proceed in forma pauperis. Plaintiff did not submit an Affidavit of Indigency, which is meant to accompany Form AO 240 (see Local Rule 4.07(a), M.D. Fla.).

in forma pauperis, it is not necessary to evaluate whether Plaintiff's complaint should be dismissed for any of the reasons set forth in § 1915(e)(2)(B).

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)  Plaintiff's motion for leave to proceed in forma pauperis (Dkt. 17) be **DENIED**; and

(2)  Plaintiff be given thirty (30) days from the date of an order adopting this report and recommendation to submit the requisite $350.00 filing fee to the Clerk and Plaintiff's failure to do so result in the dismissal of Plaintiff's complaint without prejudice. See Local Rule 4.07, M.D Fla.

**DONE AND ORDERED** in Tampa, Florida this 24th day of July, 2009.


ELIZABETH A JENKINS
United States Magistrate Judge